IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE BARRIENTOS, §<br>    #51137-279, §<br>            PETITIONER, §<br>§<br>V. § CIVIL CASE NO. 3:24-CV-2915-E-BK<br>§<br>U.S.A., §<br>            RESPONDENT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Jose Barrientos' *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition when appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

Barrientos, a federal inmate within the Bureau of Prisons at the Texarkana FCI in Texarkana, Texas, challenges the legality of his federal conviction and sentence, which this Court imposed in *United States v. Barrientos*, No. 3:20-CR-230-E (N.D. Tex. 2022). Doc. 3 at 1. Barrientos pleaded guilty to possession with the intent to distribute a controlled substance and

---

[1] *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases (providing for summary dismissal of a habeas petition) and Rule 1(b) (applying the Section 2254 Rules to habeas petitions not covered by § 2254).

Petitioner did not pay the filing fee or move to proceed *in forma pauperis*. Because jurisdiction is lacking, the Court need not require compliance with its filing requirements.

was sentenced to 126 months imprisonment and a five-year term of supervised release. Crim. Doc. 200.[2] The United States Court of Appeals for the Fifth Circuit dismissed his direct appeal for failure to raise a nonfrivolous issue for appellate review. Crim. Doc. 246.

Barrientos then filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was denied. *Barrientos v. United States*, No. 3:23-cv-01787-E-BK (N.D. Tex. Aug. 9, 2024). On September 4, 2024, he filed a second § 2255 motion, which the Court dismissed without prejudice for want of jurisdiction because Barrientos had not obtained authorization to file a successive § 2255 motion. *Barrientos v. United States*, No. 3:24-CV-2273-E (N.D. Tex. Oct. 3, 2024). Barrientos also filed two 28 U.S.C. § 2241 habeas corpus petitions challenging his sentence, which the Court dismissed for lack of jurisdiction. *See Barrientos v. U.S. Att'y Gen.*, No. 3:24-CV-1858-E-BK (N.D. Tex. Aug. 6, 2024); *Barrientos v. U.S. Att'y Gen.*, No. 3:24-CV-2305-E-BK (N.D. Tex. Oct. 28, 2024).

On November 18, 2024, Barrientos filed this, his third habeas corpus petition titled *Acquitted Conduct Amendment Habeas Corpus Relief*. Doc. 3 at 1. He cites 28 U.S.C. § 2241 and moves under "28 U.S.C. 1983 . . . for access to courts." Doc. 3 at 1. Barrientos asserts that the Court erred in determining his sentencing range because of the 2024 Acquitted Conduct Amendment and counsel rendered ineffective assistance at sentencing in failing to object. Doc. 3 at 3-4. On December 9, 2024, Barrientos also filed a *Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Acquitted Conduct Amendment to the Federal Sentencing Guidelines*. Doc. 4 at 1. He requests a reduction in his sentence from 126 months to 60 months.

---

[2] All "Crim. Doc." citations refer to the related criminal case, *United States v. Barrientos*, No. 3:20-CR-230-E. And all "Doc." citations refer to this § 2241 case.

Doc. 4 at 5.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a § 2241 petition). Because Barrientos was incarcerated in the Eastern District of Texas, as of the filing of this action, the Court lacks jurisdiction to entertain his § 2241 petition.

Additionally, Barrientos' motion to reduce sentence under 18 U.S.C. § 3582(c)(2) is not cognizable in this habeas case and should have been filed in his criminal case. Doc. 4.

Therefore, Barrientos' § 2241 petition should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

The Clerk of the Court is **directed** to docket Barrientos' December 9, 2024, *Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Acquitted Conduct Amendment to the Federal Sentencing Guidelines* (Doc. 4) as a pending motion in his criminal case No. 3:20-CR-230-E.

**SO RECOMMENDED** on March 1, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).